**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>　　　　PARTCIA J. WIGGINS,<br><br>　　　　　　　　　　　　　Debtor. | **NOT FOR PUBLICATION**<br><br>Case No. 12-13341 (MG)<br>Chapter 7 |

**MEMORANDUM OPINION AND ORDER DENYING PATRICIA J. WIGGINS'S**
**MOTION TO REOPEN CHAPTER 7 CASE**

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is Patricia J. Wiggins's ("Wiggins") motion to reopen her chapter 7 case to prevent secured creditor Parkchester North Condominium ("Parkchester") from seeking to foreclose its security interest in Wiggins's condominium ("Property"). ("Motion," ECF Doc. # 22.) Wiggins, *pro se*, argues in the Motion that her debt to Parkchester was discharged in her chapter 7 case. The Court held a hearing on August 27, 2013, but Wiggins did not appear. Because the discharge injunction only prevents a creditor from taking any action to collect on a discharged personal liability, and not from enforcing its lien by foreclosing on property, Wiggins has not demonstrated that she would be entitled to relief if her chapter 7 case is reopened. For that reason, the Motion to reopen the closed case is **DENIED**.

## I.    BACKGROUND

On August 3, 2012, Wiggins filed a voluntary petition for chapter 7 relief in this Court. Schedule A lists the Property as her only real property, valued at $100,000, with secured lien in in the amount of $13,000; Schedule D lists Parkchester as a secured creditor with respect to the Property. (ECF Doc. # 11.)

On November 30, 2012, the Chapter 7 Trustee submitted a *Report of No Distribution.*  On

On May 1, 2013, the Court entered an *Order of Discharge and Order of Final Decree* (ECF Doc.

# 20).  The case was closed on May 6, 2013.

On July 22, 2013, Wiggins filed the instant Motion requesting the Court to reopen her

chapter 7 case to prevent foreclosure on the Property.  Parkchester never filed a claim or

appeared in the case; it was not served with the Motion to reopen the case and it filed no

response to the Motion.

## II.    DISCUSSION

Wiggins's request to reopen her closed chapter 7 case requires the Court to consider two

issues: first, the standard for reopening a closed case under section 350(b) of the Bankruptcy

Code, and, second, whether an action to foreclose on the lien (but not to collect the debt as a

personal liability) would violate the discharge injunction arising from section 524(a) of the

Bankruptcy Code.  Both issues are addressed in my earlier decision in *In re Wilson*, 492 B.R.

691 (Bankr. S.D.N.Y. 2013).

### A.    The Court Finds No "Cause" for Reopening Wiggins's Closed Case

FED. R. BANKR. P. 5010 provides: "A case may be reopened on motion of the debtor . . .

pursuant to § 350(b) of the Code."  Section 350(b) permits the bankruptcy court to reopen a case

"to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).  The

Code does not define "other cause," and the decision to reopen is discretionary.  *See In re*

*Wilson*, 492 B.R. at 694; *In re Easley-Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013) (citing

*In re Cruz*, 254 B.R. 801, 804 (Bankr. S.D.N.Y. 2000)).  The movant bears the burden to

demonstrate cause for reopening the case.  *Wilson*, 492 B.R. 695; *Easily Brooks,* 487 B.R. at 406

(citing *In re Otto*, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004)).

2

Courts determining whether "cause" exists "may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." *Wilson*, 492 B.R. at 695; *see also In re Emmerling*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)).  Factors to consider include:

> (1) the length of time that the case was closed;
> (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case;
> (3) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum;
> (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen;
> (5) the extent of the benefit to the debtor by reopening; and
> (6) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen.

*Wilson*, 492 B.R. at 695.

Here, as in *Wilson,* the last factor is decisive.  Because the foreclosure action is not barred by the automatic stay or the discharge provisions of section 524, Wiggins would not be entitled to relief if the case is reopened.  *See In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) (stating that "if the decision not to reopen was bottomed on a finding that the default judgment could not be set aside, such is a permissible basis to deny relief, because reopening in that event would be meaningless").

**B.     The Automatic Stay Is No Longer In Effect to Bar the Foreclosure Action**

The automatic stay arising upon the filing of a bankruptcy case under section 362(a) prevents a lien holder from foreclosing on a lien against property of the estate, 11 U.S.C. § 362(a)(4), or against property of the debtor, 11 U.S.C. § 362(a)(5), at least while the case remains open.  Upon the closing of a case, the stay under section 362(a)(4) no longer has any effect.  *See id.* § 362(c)(2)(A) (providing that "the stay of any act under subsection (a) of this section continues until such property is no longer property of the estate").  *Wilson*, 492 B.R. at

695.

In a chapter 7 case of an individual, the automatic stay continues only "until the time a discharge is granted or denied." *See id.* § 362(c)(2)(C). Therefore, after Wiggins received her discharge on May 1, 2013, the automatic stay no longer barred foreclosure of a lien on the Property. After a discharge is received, the issue then becomes the scope of the protection Wilson received as a result of the discharge injunction.

### C.    The Discharge Injunction Bars Enforcement of Personal Liability

Section 524(a) of the Code provides:

> (a) A discharge in a case under this title-(1) voids any judgment at any time obtained, *to the extent that such judgment is a determination of the personal liability of the debtor* . . . [and] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor* . . . .

11 U.S.C. § 524(a) (emphasis added).

Section 524(a)(2) only prevents enforcement of personal liability; it does not prevent foreclosure of a lien that remains in default after a discharge is issued and a chapter 7 case is closed. *See Wilson*, 492 B.R. at 696; *Drew v. Chase Manhattan Bank, N.A.*, 185 B.R. 139, 141-42 (Bankr. S.D.N.Y. 1995) (holding that foreclosure on a debtor's property did not violate the discharge injunction because "while the [debtor's] personal obligation is discharged in bankruptcy, a valid mortgage lien survives the bankruptcy"); *see also Mayton v. Sears, Roebuck & Co. (In re Mayton),* 208 B.R. 61, 66-67 (B.A.P. 9th Cir. 1997) ("After discharge, . . . while the secured creditor is free to foreclose on collateral, § 524(a)(2) otherwise enjoins the creditor from attempting to collect or enforce the debt.").

Therefore, section 524(a)(2) acts only as a bar to the "commencement or continuation" of

acts or actions to collect a discharged debt "as a personal liability." This provision does not prevent foreclosure of a lien on property. *Wilson*, 492 B.R. at 696. No showing has been made that Parkchester is seeking to enforce any debt as a personal liability. Consequently, there is no showing of any actual or threatened violation of the discharge injunction.

### III.    CONCLUSION

For the foregoing reasons, Wiggins's Motion to reopen her chapter 7 case is **DENIED.**

**IT IS SO ORDERED.**

Dated:    August 29, 2013
      New York, New York

                    *Martin Glenn*
                     MARTIN GLENN
           United States Bankruptcy Judge